Case 5:20-cv-01444-OLG Document 21 Filed 11/22/21 Page 1 of 5

FILED
November 22, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN F. KIRK, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL NO. SA-20-CV-01444-OLG |
| PENTAGON FEDERAL CREDIT UNION, | § § § § | |
| Defendant. | § | |

# O R D E R

Before the Court is Defendant's Motion to Dismiss for Plaintiff's Violation of the Court's 9/28/21 Order (the "Motion"). Dkt. No. 19. Plaintiff has not filed an opposition to the motion within the time to do so. Having reviewed the motion and the record, the Court finds that the motion should be **GRANTED**.

## BACKGROUND

Plaintiff John F. Kirk brings this action for damages related to age discrimination under Section 21.051 of the Texas Labor Code and for breach of contract. Dkt. No. 1-1. Kirk was initially represented by an attorney who was later granted leave to withdraw. Dkt. No. 12. On June 24, 2021, before Kirk's counsel sought or received leave to withdraw, Pentagon noticed Kirk's deposition for July 7, 2021. *See* Dkt. No. 13-1 at 44–45. Kirk's counsel agreed to "forward the deposition notice" to Kirk. *Id.* at 44. Also before Kirk's counsel was granted leave to withdraw, Kirk and his counsel failed to appear for the July 7 deposition. *Id.* at 39.

On July 21, Kirk's counsel moved to withdraw, stating "Plaintiff is prepared to continue this case pro se if necessary." *See* Dkt. No. 12 at 1. The Court granted leave to withdraw the following day. In accordance with the Scheduling Order, Dkt. No. 9, Pentagon filed its Motion

for Summary Judgment on July 29.  Dkt. No. 13.  Kirk's response was due on August 12, but he did not respond.  *See* Local Court Rule CV-7(d)(2).  Thereafter, Kirk retained new counsel who appeared on August 25, seeking a fourteen-day extension of time to respond to Pentagon's motion.  Dkt. No. 14.

On September 28, 2021, the Court entered an order granting in part and denying in part Kirk's motion for extension and denying Pentagon's motion for summary judgment without prejudice.  Dkt. No. 18.  In that order, the Court determined that, based on the record at the time, Kirk could not be held solely responsible for failing to appear at his deposition or failing to respond to Pentagon's motion.  *See id.* at 3–5.  Therefore, the Court granted Kirk leave to oppose summary judgment, but ordered that Kirk must appear for his deposition and pay the associated costs before doing so.  *Id.* at 8.  The Court warned Kirk that should he "fail to appear for his deposition without prior leave of Court, the case will be dismissed with prejudice."  *Id.*

Thereafter, the parties agreed to conduct Kirk's deposition on October 12, 2021.  Dkt. No. 19-1 at 4–5.  After the parties set a date, counsel for Kirk asked if there was "any amount of money [Pentagon] is willing to pay in exchange for a full and final release?"  *Id.* at 4.  Pentagon offered $9,000 to settle the case, which counsel for Kirk accepted several hours later.  *Id.* at 3.  Given the parties' prior communications in this case, defense counsel sought confirmation that Kirk's counsel had "[Kirk's] explicit authority to accept on his behalf."  *Id.* at 2.  Kirk's counsel confirmed that she had the authority, and the deposition did not go forward.  *Id.*; *see* Dkt. No. 19 at 2.  The parties then exchanged a settlement agreement, to which Kirk's counsel did not provide any changes.  Dkt. No. 19 at 2.

Over two weeks after Kirk accepted Pentagon's settlement offer, and six days after the date for Kirk's deposition, Kirk's counsel informed Pentagon that Kirk "will not be signing the

settlement agreement." Dkt. No. 19-2 at 2. In that email, Kirk's counsel stated that she "reminded Mr. Kirk regarding the provisions of the Judge's Order of September 28, 2021, which is attached." *Id*. That email also attached a letter from Kirk to Pentagon's CEO, which stated, "I have received and reviewed the above referenced Settlement Agreement and General Release document. . . . In closing, I am asking that you pay me what the [Pentagon] policy – Save Pay policy was in place at the time of the separation." *Id.* at 3. Pentagon now moves to dismiss the case based on Kirk's failure to comply with the Court's prior order.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, "District courts have the authority, pursuant to both their own '"inherent power" . . . to manage their own affairs' and Rule 41(b) of the Federal Rules of Civil Procedure, to dismiss cases with prejudice for failure to prosecute." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)). Dismissal with prejudice is appropriate on "'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Id*. (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)). Those prerequisites must generally be accompanied by "certain aggravating factors, such as (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." *Id.* (internal quotation marks omitted). Dismissal with prejudice is an appropriate sanction after a plaintiff's failure to comply with an explicit warning from the Court regarding his or her conduct. *See Nottingham v. Warden*, 837 F.3d 438, 442–43

(5th Cir. 2016).  The Court finds that the aggravating factors here weigh in favor of granting Pentagon's motion to dismiss the case with prejudice.

Pentagon's initial allegations regarding whether Kirk had reneged on a prior settlement agreement were insufficient to warrant the drastic remedy of dismissal.  Instead, the Court reopened discovery, declined to rule on the merits of a timely summary judgment motion, and vacated the trial setting to allow Mr. Kirk another opportunity to prove his case.  The Court believed that ordering Kirk to pay the costs of his deposition and its explicit warning about the consequences of failing to appear for his deposition would be sufficient to limit the prejudice to Pentagon while allowing the case to proceed on the merits.  But it is now clear from the record that Mr. Kirk is the cause of the delays in this case and that Kirk will not be compelled by lesser sanctions.  And despite being specifically informed of the potential consequences of his actions by counsel, Kirk has not even attempted to explain his conduct.  *See* Dkt. No. 19-2.  Kirk waited until after the agreed date for his deposition to renege on his settlement agreement to seek a higher settlement figure.  *Id.* at 2.  In doing so, he deliberately violated the Court's order that "[s]hould [Kirk] fail to appear for his deposition without prior leave of Court, the case will be dismissed with prejudice." Dkt. No. 18 at 8.

The Court therefore finds that Kirk, not his counsel, is responsible for Kirk's failure to comply with the Court's order. The Court further finds that it would be highly prejudicial to require Pentagon to continue to maintain a defense in this case following Kirk's refusal to comply with the Court's order and after Kirk's refusal to consummate his attorney's acceptance of the settlement agreement.  The Court further finds that the continued delay in this case is the result of Kirk's intentional conduct designed to inflate his recovery.  The Court further finds that Kirk has already ignored the Court's attempt to craft lesser sanctions that would have best served

the interests of justice and its warning to appear for deposition.  Accordingly, based on the unique circumstances present here, the Court finds that dismissal with prejudice is the appropriate remedy.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Plaintiff's Violation of the Court's 9/28/21 Order (Dkt. No. 19) is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Clerk of Court is respectfully directed to close the case.

It is so **ORDERED.**

**SIGNED** this  22nd day of November, 2021.

_____
ORLANDO L. GARCIA
Chief United States District Judge